[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10660
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-01353-CEH-AEP

SUSAN MORRIS-HUSE,

Plaintiff-Appellant,

versus

GEICO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 26, 2018)

Before NEWSOM, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Susan Morris-Huse, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of her employer, Government Employees Insurance Company ("GEICO"), in her failure-to-accommodate suit under the Americans with Disabilities Act.  On appeal, Morris-Huse argues that the district court erred in granting summary judgment in favor of GEICO because a jury could have concluded that GEICO did not provide her with reasonable accommodations for her Meniere's disease under the ADA.  Specifically, she argues that GEICO failed to accommodate her when it refused to allow her to work from home—or to revert to another job position that would allow her to work from home—when she experienced episodes of vertigo as a result of her disease.  After careful review, we hold that the district court did not err in granting summary judgment on Morris-Huse's claim.

The facts are known to the parties; we do not repeat them here except as necessary.

# I

To begin, we review the district court's grant of summary judgment *de novo*. *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making this assessment, we "must view all the evidence and

2

all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux*, 520 F.3d at 1274 (internal quotation marks and citations omitted).

The ADA provides that an employer shall not discriminate against a qualified employee based on that employee's disability. 42 U.S.C. § 12112(a). As relevant to this case, "[a]n employer's failure to make reasonable accommodation for an otherwise qualified disabled employee constitutes discrimination under the ADA." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225–26 (11th Cir. 2005) (citing 42 U.S.C. § 12112(b)). To establish a *prima facie* case of discrimination based on an employer's failure to accommodate, an employee must show (1) that she has a disability, (2) that she is a "qualified individual," and (3) that her employer unlawfully discriminated against her because of her disability. *See id.* at 1226.

The ADA defines a "qualified individual" as someone with a disability who—either with or without reasonable accommodation—can perform the essential functions of her desired position. 42 U.S.C. § 12111(8); *Holly v. Clairson Indus.*, 492 F.3d 1247, 1256 (11th Cir. 2007). An accommodation—in other words, a modification or adjustment to the work environment—is "reasonable" under the ADA only if it enables the employee to perform the

3

essential functions of the job. *Holly,* 492 F.3d at 1256. Essential functions, in turn, are the "fundamental job duties of a position that an individual with a disability is actually required to perform." *Id.* at 1257 (citing *Earl v. Mervyns, Inc.,* 207 F.3d 1361, 1365 (11th Cir. 2000) (per curiam)); *see also* 29 C.F.R. § 1630.2(n)(2)(i). Whether something is an essential function is "evaluated on a case-by-case basis by examining a number of factors," *Holly*, 492 F.3d at 1257, including "the employer's judgment as to what functions of a job are essential" and any "written description [prepared] before advertising or interviewing applicants for the job." 42 U.S.C. § 12111(8); *see also D'Angelo*, 422 F.3d at 1230.

Although the ADA may require an employer "to restructure a particular job by altering or eliminating some of its marginal functions," it "does not require [an] employer to eliminate an essential function of the plaintiff's job." *Holly,* 492 F.3d at 1256 (citations omitted). If an individual is unable to perform an essential function of her job, even with a reasonable accommodation, she is, by definition, not a "qualified individual" under the ADA and therefore unable to establish a *prima facie* case of disability discrimination. *Holly*, 492 F.3d at 1256. Notably, an individual seeking accommodation is not necessarily entitled to the accommodation of her choice, but rather is entitled only to a reasonable accommodation. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997); *see also* 29 C.F.R. § 1630.2(o)(1)(ii).

## II

The district court did not err by granting summary judgment in this case because Morris-Huse failed to show that GEICO denied her a reasonable accommodation for her disability or that the accommodation she specifically requested was reasonable. 42 U.S.C. § 12112(b)(5)(A). According to Morris-Huse's medical documentation, her Meniere's disease resulted in two work limitations: (1) an inability to reliably drive long distances, and (2) an inability to ascend or descend stairs. GEICO provided Morris-Huse with reasonable accommodations for both limitations. *Holly*, 492 F.3d at 1256.

GEICO addressed Morris-Huse's first limitation—the inability to drive long distances—by arranging a ridesharing agreement with her co-workers at the Woodbury, New York office and by allowing her to report to the office on a somewhat flexible timetable. GEICO also accommodated this limitation by permitting Morris-Huse to transfer to its Lakeland, Florida office where she was able to find affordable housing just four miles away from the office.

GEICO accommodated Morris-Huse's second limitation—the inability to walk up and down stairs—by allowing her to use the office elevator. It addressed the remaining symptoms of her disability by allowing her to use break rooms and

her manager's office in the event that she needed a respite while experiencing vertigo. These accommodations were reasonable because they addressed the limitations identified by Morris-Huse's physician in a manner that allowed her to continue to perform the essential functions of her position. *Holly*, 492 F.3d at 1256.

Contrary to Morris-Huse's contentions, GEICO was not required to provide her with the accommodations of her choosing, such as allowing her to work remotely or allowing her to revert to another position in order to work remotely. *See Stewart*, 117 F.3d at 1286. First, an accommodation allowing Morris-Huse to work remotely would not have been reasonable because it would not have allowed her to perform the essential functions of her position. The record supports GEICO's assertion—and the district court's finding—that physical presence was an essential function of Morris-Huse's Telephone Claims Representative 1 Supervisor position, because the job required her to interact with, coach, and lead a team of associates on a daily basis. Moreover, the district court properly rejected Morris-Huse's argument that she should have been permitted to work remotely because she had often done so in the past. The record demonstrates that, at the time Morris-Huse sought the accommodation, GEICO no longer permitted TCR 1 Supervisors to work from home because it required them to monitor associate phone calls using software installed on GEICO office computers.

6

Second, an accommodation allowing Morris-Huse to lateral to another supervisor or auditor position within the company would not have been reasonable. According to the record, those positions also would have required Morris-Huse either to be physically present at her assigned office or to travel, and Morris-Huse therefore would not have been able to perform the essential functions of those positions either. *Holly,* 492 F.3d at 1256.

In sum, the district court did not err in deciding that Morris-Huse failed to establish a *prima facie* case of disability discrimination under the ADA. Morris-Huse did not demonstrate that GEICO failed to reasonably accommodate her disability, or that it would have been reasonable for GEICO to provide her with the specific accommodations she requested. *Stewart*, 117 F.3d at 1286; *Holly*, 492 F.3d at 1256-57. Accordingly, we affirm the district court's grant of summary judgment in GEICO's favor.

**AFFIRMED.**